UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,

v.

    Civil Case No. 19-10616
    Honorable Linda V. Parker

CORIZON, INC., ET AL.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Plaintiff, through counsel, initiated this civil rights action on March 1, 2019, by filing a 180-page, 808-paragraph complaint. Plaintiff is a Michigan Department of Corrections' ("MDOC") prisoner, serving a mandatory life sentence. Plaintiff names as defendants Corizon, Inc. and twenty-nine individuals who work for Corizon or MDOC. Defendants have filed motions to dismiss Plaintiff's Complaint (ECF Nos. 20, 28), which were fully briefed before the matter was reassigned to the undersigned on June 17, 2019. Defendants seek dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 8(a) or, alternatively, pursuant to Rule 12(b)(6).

In his pending Complaint, Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs and have conspired to deprive

him of necessary medical treatment in retaliation for Plaintiff's success in earlier litigation against MDOC employees, including a March 28, 2016 jury award of over $300,000 in a 2013 civil rights case. According to Plaintiff, this retaliation and deliberate indifference to his serious medical needs has been ongoing since he prevailed before the jury.

In fact, on September 28, 2016, Plaintiff filed a lawsuit against Corizon and numerous MDOC and Corizon employees (including some of the same individuals sued in the above-captioned matter) alleging deliberate indifference and retaliation, Civil Case No. 16-13505 ("2016 lawsuit").[1] Plaintiff's 2016 lawsuit remains pending and is currently before Magistrate Judge Stephanie Dawkins Davis on summary judgment motions filed by the defendants.

Plaintiff's Complaint in the above-captioned matter repeats many of the same allegations asserted in his 2016 lawsuit. He refers to some of the same decisions to deprive him of the same medications, devices, and/or treatments for the same or similar ailments. The present lawsuit appears in many respects to describe only a continuing violation of the same conduct for which he is seeking

---

[1] Plaintiff's counsel did not identify Plaintiff's 2016 lawsuit as a companion matter when he filed the present matter, although the same or related parties are present and Plaintiff alleges in both cases a conspiracy to retaliate against him based on his success in the 2013 civil rights case. This Court believes that counsel's failure to do so amounts to a violation of Eastern District of Michigan Local Rule 83.11(b)(7)(C).

recovery in his 2016 lawsuit.  It is difficult to discern what conduct is included in the Complaint as unnecessary background and what conduct is being alleged against the currently named defendants.  The Complaint is excessively long and unnecessarily redundant.  In short, the Complaint is not "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  Plaintiff's allegations are in no way "simple, concise, [or] direct."  *Id*. 8(d)(1).

Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 8(a)(2) are **GRANTED** and Plaintiff shall file an Amended Complaint in conformance with the rule within twenty-one (21) days of this Opinion and Order.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 26, 2019