UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

       Plaintiff,

                                       Civil Case No. 19-10616
v.                                      Honorable Linda V. Parker

CORIZON, INC., ET AL.,

       Defendants.
_____/

## **OPINION AND ORDER STRIKING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL (ECF NO. 54)**

On March 1, 2019, Plaintiff, a Michigan Department of Corrections' ("MDOC") prisoner, initiated this lawsuit against Corizon, Inc. and twenty-nine individuals who work for Corizon or MDOC. The matter is presently before the Court on Plaintiff's "Notice of Voluntary Dismissal," filed October 25, 2019. (ECF No. 54.) In the notice, Plaintiff indicates that he is voluntarily dismissing without prejudice Defendants Carmen McIntyre and James Blessman pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff states that neither defendant has filed an Answer to his First Amended Complaint nor a motion for summary judgment.

Rule 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action without leave of court "by filing a notice of dismissal before the opposing party

serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Multiple courts have held that the plaintiff loses the ability to voluntarily dismiss under Rule 41(a)(1) when the defendant has filed an answer or summary judgment motion to the original complaint, even where an amended complaint is then filed. *See Welsh v. Correct Care LLC*, 915 F.3d 341, 344 (5th Cir. 2019) ("hold[ing] that the filing of an amended complaint does not revive the plaintiff's absolute right to dismissal under Rule 41(a)(1)(A)(i)."); *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971) (holding that the plaintiff could not dismiss as of right even though the defendant had not responded to the plaintiff's amended complaint where the defendant filed both an answer and motion for summary judgment in response to the original complaint); *Quick v. EMCO Enterprises, Inc.*, 251 F.R.D. 371, 374 (S.D. Iowa 2008) (holding that the plaintiff "lost his ability to voluntarily dismiss his claim as a matter of right under Rule 41(a)(1) when [the d]efendants filed an answer to [the plaintiff's] original petition."); *Tedeschi v. Barney*, 95 F.R.D. 182, 183 (S.D.N.Y. 1982) (same); *Wise v. Williams*, No. 3:11-cv-00572, 2012 WL 996695, at *1 (M.D. Tenn. Mar. 23, 2012) (same); *Forties B LLC v. America West Satellite, Inc.*, No. 09 Civ 8583, 2010 WL 2594297, at *2 (S.D.N.Y. June 8, 2010) (same); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2363 (3d ed.) ("Multiple courts have held that an answer to the plaintiff's original complaint is sufficient to

preclude dismissal by notice even though the defendant has not submitted an answer to the plaintiff's amended complaint."). In *Welsh*, the Fifth Circuit agreed with the Fourth Circuit's reasoning in *Armstrong* "that Rule 41(a)(1)(A)(i) 'is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case' and the filing of an amended complaint 'increased rather than nullified the defendant's burden." *Welsh*, 915 F.3d at 3443-44 (brackets omitted) (quoting *Armstrong*, 453 F.2d at 916).

Here, Defendants Blessman and McIntyre filed an Answer to Plaintiff's original Complaint. (*See* ECF No. 39.) Plaintiff thereafter lost the ability to unilaterally dismiss his claims against these defendants under Rule 41(a)(1)(A)(i). To the extent Plaintiff wishes to dismiss his claims against these defendants, he must submit "a stipulation of dismissal signed by *all* parties who have appeared," *see* Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added), or seek leave of court. Fed. R. Civ. P. 41(a)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's Notice of Voluntary Dismissal (ECF No.

preclude dismissal by notice even though the defendant has not submitted an answer to the plaintiff's amended complaint."). In *Welsh*, the Fifth Circuit agreed with the Fourth Circuit's reasoning in *Armstrong* "that Rule 41(a)(1)(A)(i) 'is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case' and the filing of an amended complaint 'increased rather than nullified the defendant's burden." *Welsh*, 915 F.3d at 3443-44 (brackets omitted) (quoting *Armstrong*, 453 F.2d at 916).

Here, Defendants Blessman and McIntyre filed an Answer to Plaintiff's original Complaint. (*See* ECF No. 39.) Plaintiff thereafter lost the ability to unilaterally dismiss his claims against these defendants under Rule 41(a)(1)(A)(i). To the extent Plaintiff wishes to dismiss his claims against these defendants, he must submit "a stipulation of dismissal signed by *all* parties who have appeared," *see* Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added), or seek leave of court. Fed. R. Civ. P. 41(a)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's Notice of Voluntary Dismissal (ECF No.

54) is **STRICKEN**.

                s/ Linda V. Parker
                LINDA V. PARKER
                U.S. DISTRICT JUDGE

Dated: October 29, 2019