UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

      Plaintiff,

v.

      Civil Case No. 19-10616
      Honorable Linda V. Parker

CORIZON, INC., et al.,

      Defendants.
_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff, through counsel, initiated this civil rights action on March 1, 2019, by filing a 180-page, 808-paragraph complaint. Plaintiff is a Michigan Department of Corrections ("MDOC") prisoner, serving a mandatory life sentence. In this lawsuit, Plaintiff names as defendants Corizon, Inc. and twenty-nine individuals who work for Corizon or MDOC. The matter is presently before the Court on Defendants' motions to dismiss Plaintiff's First Amended Complaint. The motions have been fully briefed.

## **Background**

In this lawsuit, Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs and have conspired to deprive him of necessary medical treatment in retaliation for Plaintiff's success in previous

litigation against certain MDOC employees, including a March 28, 2016 jury award of over $300,000 in a 2013 civil rights case. According to Plaintiff, this retaliation and deliberate indifference to his serious medical needs has been ongoing since he prevailed before the jury.

In fact, on September 28, 2016, Plaintiff filed a lawsuit against Corizon and over fifteen MDOC and Corizon employees (including some of the same individuals sued in the current matter) alleging thirteen claims including deliberate indifference and retaliation, Civil Case No. 16-13505 ("2016 lawsuit"). The 2016 lawsuit is assigned to the undersigned, who has granted summary judgment to the defendants with respect to all but one of Plaintiff's claims concerning his serious medical needs, including his retaliation and conspiracy claims.[1] *See* Op. & Order, *Kensu*, No. 16-13505 (E.D. Mich. Sept. 30, 2019), ECF No. 187. The sole remaining deliberate indifference claim related to Plaintiff's serious medical needs in the 2016 lawsuit involves Plaintiff's shoulder condition and Robert Lacy. D.O. and Jeffrey Bomber, D.O.

---

[1] The defendants in the 2016 lawsuit did not seek summary judgment with respect to Plaintiff's claims alleging denial of his religious rights under the Religious Land Use and Institutionalized Persons Act and the First Amendment. *See* Op. & Order at 2, *Kensu*, No. 16-13505 (E.D. Mich. Sept. 30, 2019), ECF No. 187 at Pg ID 8388. Defendants also did not seek summary judgment with respect to Plaintiff's Eighth Amendment deliberate indifference claim concerning conditions imposed upon him for one night. *Id*.

Plaintiff has two additional lawsuits pending in the Eastern District of Michigan: *Kensu v. MDOC, et al.*, Civil Case No. 18-10175 (filed Jan. 16, 2018) (challenging the constitutionality of MDOC's "common fare" prisoner diet); and *Kensu v. Corizon, Inc., et al.*, Civil Case No. 19-10944 (filed Mar. 29, 2019) (challenging the defendants' alleged policy of "deferring" medically necessary treatment).

In the pending matter, Defendants filed a motion to dismiss Plaintiff's initial complaint, which this Court granted in an opinion and order issued June 27, 2019. (Op. & Order, ECF No. 44.) The Court observed in that decision that "[t]he present matter appears in many respects to describe only a continuing violation of the same conduct for which [Plaintiff] is seeking recovery in his 2016 lawsuit." (*Id.* at 2-3, Pg ID 725-26.) The Court found it "difficult to discern what conduct is included in the Complaint as unnecessary background and what conduct is being alleged against the currently named defendants." (*Id.* at 3, Pg ID 726.) Additionally, the Court found the pleading "excessively long and unnecessarily redundant." (*Id.*) The Court ordered Plaintiff to file an amended pleading in conformance with Federal Rule of Civil Procedure 8(a)(2). (*Id.*)

On July 18, 2019, Plaintiff filed an Amended Complaint. (First Am. Compl., ECF No. 45.) It is a 104-page, 542-paragraph pleading. Defendants now seek dismissal of the First Amended Complaint, arguing that it does not satisfy the

3

requirements of Rule 8(a)(2) any better than Plaintiff's original filing. (ECF Nos. 46, 48.) The Corizon Defendants alternatively seek dismissal of Plaintiff's supervisory liability and *Monell* claims against them (Counts V and VI, respectively).

## Applicable Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

**Analysis**

Defendants contend that Plaintiff made only cosmetic changes to the First Amended Complaint to reduce the length of the pleading. For example, as illustrated in the Corizon Defendants' motion to dismiss (*see* Mot. at 5, ECF No. 46 at Pg ID 849), Plaintiff extended the margins in the First Amended Complaint to shorten the page length. Nevertheless, the First Amended Complaint remains exceedingly long.

If the length was the only problem with Plaintiff's pleading, the Court would be reluctant to dismiss it. *See, e.g., Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001) (noting that dismissal of a "complaint merely because it contains

liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

**Analysis**

Defendants contend that Plaintiff made only cosmetic changes to the First Amended Complaint to reduce the length of the pleading. For example, as illustrated in the Corizon Defendants' motion to dismiss (*see* Mot. at 5, ECF No. 46 at Pg ID 849), Plaintiff extended the margins in the First Amended Complaint to shorten the page length. Nevertheless, the First Amended Complaint remains exceedingly long.

If the length was the only problem with Plaintiff's pleading, the Court would be reluctant to dismiss it. *See, e.g., Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001) (noting that dismissal of a "complaint merely because it contains

liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

**Analysis**

Defendants contend that Plaintiff made only cosmetic changes to the First Amended Complaint to reduce the length of the pleading. For example, as illustrated in the Corizon Defendants' motion to dismiss (*see* Mot. at 5, ECF No. 46 at Pg ID 849), Plaintiff extended the margins in the First Amended Complaint to shorten the page length. Nevertheless, the First Amended Complaint remains exceedingly long.

If the length was the only problem with Plaintiff's pleading, the Court would be reluctant to dismiss it. *See, e.g., Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001) (noting that dismissal of a "complaint merely because it contains

repetitious and irrelevant matter, a disposable husk around a core of proper pleading" is an abuse of discretion); *but see Kuehl v. FDIC*, 8 F.3d 905, 908-09 (1st Cir. 1993) (district court did not abuse its discretion in dismissing forty-three page complaint based on its length alone, after the plaintiff had already been ordered to amend the pleading to conform to the requirements of Rule 8). "Ordinarily, excessive detail is mere 'surplusage that can and should be ignored,' but in some cases, excessive averments regarding extraneous facts 'make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.' " *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 415 (D.D.C. 2017) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). The very purpose of Rule 8 in requiring a pleading to be simple, concise and direct is to relieve the court and opposing counsel from having to navigate through needless details to determine whether a claim has been stated. The rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst*, 328 F.3d at 378.

Plaintiff's First Amended Complaint contains an unnecessarily lengthy recitation of Plaintiff's past medical conditions and treatment while an MDOC

prisoner.[2] At the same time, the pleading lacks sufficient detail concerning the factual allegations on which the claims against many of the present defendants are based. Plaintiff fails to identify when much of the alleged misconduct occurred. As such, there is no way for the Court or opposing counsel to discern which factual allegations are asserted to provide context to Plaintiff's pending claims, which are asserted to support his current claims, and which are legally insignificant.

The lack of a time reference for many of Plaintiff's allegations is particularly troubling with respect to defendants who Plaintiff has sued or is suing elsewhere. It is difficult for the Court and opposing counsel to discern whether the conduct alleged has been litigated before or should have been litigated before. Further, the pleading repetitively uses a generic reference to "defendants" without specifying which of the thirty-named defendants were involved, even where it is clear that not all of them could have been involved. Defendants "can be held liable only on their own unconstitutional behavior." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

For all of these reasons, the Court agrees with Defendants that Plaintiff's First Amended Complaint must be dismissed. The Court will allow Plaintiff one

---

[2] Undoubtedly, as Plaintiff asserts, *some* background material is necessary to provide context for his retaliation claims. However, this could have been accomplished in a couple of brief paragraphs (at most), rather than the pages and pages of recitations directed at conduct litigated in prior lawsuits.

last chance to file a pleading conforming to the requirements of Rule 8, omits unnecessary prolixity, and clearly and concisely imputes concrete acts to specific defendants which have not been presented in a previously filed lawsuit.

Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss (ECF Nos. 46, 48) are **GRANTED** and Plaintiff shall file an Amended Complaint in accordance with Federal Rule of Civil Procedure 8(a)(2) and this decision within twenty-one (21) days of this Opinion and Order.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 25, 2020