UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

       Plaintiff,

                                      Civil Case No. 19-10616

v.                                  Honorable Linda V. Parker

CORIZON, INC., et al.,

       Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, through counsel, initiated this civil rights action on March 1, 2019, by filing a 180-page, 808-paragraph complaint.  (Compl., ECF No. 1.)  Plaintiff is a Michigan Department of Corrections ("MDOC") prisoner, serving a mandatory life sentence.  In this lawsuit, Plaintiff now names as defendants Corizon, Inc. and twenty-seven individuals who work for Corizon or MDOC.[1]  Plaintiff has been ordered to amend his complaint twice, as the Court found that his initial and first amended pleading failed to comply with Federal Rule of Civil Procedure 8(a).  (*See* Op. and Order, ECF Nos. 44, 61.)  On March 24, 2020, Plaintiff filed a Second Amended Complaint.  (Second Am. Compl., ECF No. 63.)  Arguing that

---

[1] Two previously named defendants were dismissed from this action pursuant to a stipulated order entered on October 30, 2019.  (ECF No. 58.)

the amendment fails to cure the defects previously identified by the Court, Defendants filed motions to dismiss.  (Mots., ECF Nos. 65, 66.)  The motions have been fully briefed.  The Court agrees with Defendants that Plaintiff's revised pleading continues to violate Rule 8.  Therefore, it is granting their motions and dismissing this action.

## Background

In this lawsuit, Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs and have conspired to deprive him of necessary medical treatment in retaliation for his success in previous litigation against certain MDOC employees, including a jury award of over $300,000 in 2016.  According to Plaintiff, this retaliation and deliberate indifference to his serious medical needs has been ongoing since he prevailed before the jury.

In fact, on September 28, 2016, Plaintiff filed a lawsuit against Corizon and over fifteen individuals who were employed by MDOC or Corizon, including nine of the individuals sued in the current matter: *Kensu v. Borgerding, et al.*, No. 16-cv-13505 (E.D. Mich.) ("2016 Lawsuit").  In the 2016 Lawsuit, Plaintiff initially identified nine medical conditions to which he claimed Defendants were deliberately indifferent in retaliation for his earlier litigation.[2]  Notably, Plaintiff

---

[2] Those conditions were: (1) prostate disease, (2) lung disease, (3) hearing loss, (4) mastoiditis, (5) extreme heat sensitivity, (6) brain tumor, (7) spinal disease, (8)

later claimed in the 2016 Lawsuit that the list of conditions in his complaint was not exhaustive but the magistrate judge rejected his attempt "to pursue open-ended claims," reasoning that "such a practice would appear to flout the pleading standard set forth in Fed. R. Civ. P. 8(a) and create a moving target for defendants to defend against."  R. & R. at 17 n.4, *id.* (E.D. Mich. Aug. 20, 2019), ECF No. 180 at Pg ID 1860.

Plaintiff has two additional lawsuits pending in the Eastern District of Michigan: *Kensu v. MDOC, et al.*, Civil Case No. 18-10175 (filed Jan. 16, 2018) (challenging the constitutionality of MDOC's "common fare" prisoner diet); and *Kensu v. Corizon, Inc., et al.*, Civil Case No. 19-10944 (filed Mar. 29, 2019) (challenging Corizon's and Quality Care of Michigan, P.C.'s alleged policies of "deferring" medically necessary treatment).  Those lawsuits are assigned to the Honorable Gershwin A. Drain and the Honorable Mark A. Goldsmith, respectively.

In the current matter, Defendants filed a motion to dismiss Plaintiff's initial complaint, which this Court granted in an opinion and order issued June 27, 2019. (Op. & Order, ECF No. 44.)  In that decision, the Court observed: "The present matter appears in many respects to describe only a continuing violation of the same

---

ankle problems, and (9) shoulder problems.  Am. Compl. ¶ 128, *Kensu*, No. 16-13505 (E.D. Mich. filed ), ECF No. 83 at Pg ID 1097.

conduct for which [Plaintiff] is seeking recovery in his 2016 lawsuit." (*Id*. at 2-3, Pg ID 725-26.)  The Court found it "difficult to discern what conduct is included in the Complaint as unnecessary background and what conduct is being alleged against the currently named defendants." (*Id*. at 3, Pg ID 726.)  Additionally, the Court found the pleading "excessively long and unnecessarily redundant." (*Id*.)  The Court ordered Plaintiff to file an amended pleading conforming to Rule 8. (*Id*.)

On July 18, 2019, Plaintiff filed an Amended Complaint—a 104-page, 542-paragraph pleading.  (First Am. Compl., ECF No. 45.)  On Defendants' motions, the Court dismissed Plaintiff's Amended Complaint finding that it continued to include "an unnecessarily lengthy recitation of Plaintiff's past medical conditions and treatment while an MDOC prisoner" while providing "insufficient detail concerning the factual allegations on which the claims against many of the present defendants are based." (Op. & Order at 6-7, ECF No. 61 at Pg ID 998-99.)  The Court specifically pointed out that Plaintiff's failure to identify when much of the alleged misconduct occurred prevented the Court and opposing counsel from "discerning which factual allegations are asserted to provide context to Plaintiff's pending claims, which are asserted to support his current claims, and which are legally insignificant." (*Id*. at 7, Pg ID 999.)

4

The Court further indicated that "[t]he lack of a time reference for many of Plaintiff's allegations is particularly troubling with respect to defendants who Plaintiff has sued or is suing elsewhere.  It is difficult for the Court and opposing counsel to discern whether the conduct alleged has been litigated before or should have been litigated before."  (*Id.*)  The Court also found Plaintiff's repetitive use of the generic term "Defendants" problematic, where it was clear that all thirty-named defendants could not have been involved in the asserted misconduct.  (*Id.*)  The Court pointed out that "Defendants 'can be held liable only on their own unconstitutional behavior.'"  (*Id.* (quoting *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).)

In granting Defendants' motions to dismiss, the Court gave "Plaintiff one last chance to file a pleading conforming to the requirements of Rule 8, [which] omits unnecessary prolixity, and clearly and concisely imputes concrete acts to specific defendants which have not been presented in a previously filed lawsuit." (*Id.* 7-8, Pg ID 999-1000.)  In response, Plaintiff filed his Second Amended Complaint.  (Second Am. Compl., ECF No. 63.)

This pleading is several pages and almost forty paragraphs longer than Plaintiff's last.  It extends 108 pages and contains 579 paragraphs.  Plaintiff maintains that this "comprehensive submission is necessary" due to "the

substantial number of violations" he alleges.  (Pl.'s Resp. Br. at 7, ECF No. 69 at

Pg ID 1221.)  The Court disagrees.

This is because Plaintiff's Second Amended Complaint, like his two prior

filings, is written more like a novel or argumentative brief than a complaint.  It is

long on what must be extraneous details and short on "simple, concise, and direct"

allegations.  *See* Fed. R. Civ. P. 8(d)(1).  The pleading continues to recite in

extensive detail alleged conduct that is the subject of Plaintiff's previous lawsuits

(e.g. the denial of certain accommodations and medications, Corizon's pattern of

denying requests for consultations).  It also discusses serious medical needs and

medical conditions that were or are being litigated in Plaintiff's other lawsuits—or,

so it seems, could have been litigated.  The result is that Defendants are left to

guess what allegations Plaintiff is relying upon to support his current claims.  *See*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)) (explaining that a complaint must provide "'the

defendant fair notice of what the claim is *and* the grounds upon which it rests'")

(emphasis added).

The Second Amended Complaint does refer to conduct during the period on

which Plaintiff asserts this current lawsuit focuses (i.e. post-June 30, 2017).

Nevertheless, Defendants would have to expend enormous effort digging through

"a morass of irrelevancies" to identify "the few allegations that matter."  *United*

*States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

This, Defendants should not have to do.  Additionally, even where it appears that

Plaintiff is alleging deliberate indifference during the relevant period, the

allegations are woefully short on specifics and frequently connect back to

conditions or complaints already litigated.

Take for example Plaintiff's allegations against Defendant Keith Papendick

in the Second Amended Complaint:

> 289.   Defendant Papendick was aware of Kensu's serious medical
>        needs.
>
> 290.   Without medical justification, Papendick unreasonably delayed
>        or denied Kensu's access to treatment.
>
> 291.   Papendicks's refusal to treat Kensu caused delays in diagnosing
>        conditions discussed above that were finally diagnosed after
>        June 30, 2017.  In effect, Papendick stuck his head in the sand
>        and ignored Plaintiff's medical complaints.

(Am. Compl., ECF No. 63 at Pg ID 1060.)  Elsewhere Plaintiff alleges that

Defendant Papendick, as Corizon's Utilization Manager, adhered to a practice of

deferring 90-99% of requested prisoner care and, at some unspecified time, denied

Kensu's request for an orthopedic consultation.  (*Id.* ¶¶ 145, 548, 551, Pg ID 1036,

1102-03.)  These are the only "specific" allegations against this defendant as it

relates directly to Plaintiff.

These allegations, however, fail to inform Defendant Papendick of the

specific conduct that Plaintiff claims violated his constitutional rights.  Further,

paragraphs in the Second Amended Complaint like paragraph 291 above, appear to be shrewdly worded to suggest that Plaintiff's current claims are unique from the claims he asserted in earlier lawsuits and/or that they are not barred by the applicable statute of limitations, res judicata, or collateral estoppel.  Yet, for example, Plaintiff is litigating Corizon's asserted practice of deferring treatment for prisoners in the case before Judge Goldsmith.  *See* Am. Compl. ¶ 5, *Kensu v. Corizon*, No. 19-cv-10944 (E.D. Mich. filed May 14, 2019), ECF No. 11 at Pg ID 481 (alleging that Corizon maintains a "protocol … to 'defer' 90% to 99% of all physician-recommended requests crucial for a prisoner's medical treatment").  And, as reflected above, Plaintiff has litigated or is litigating his orthopedic problems in several prior lawsuits.

Most of the remaining defendants, like Defendant Papendick, must guess at the exact misconduct for which they are being sued in this action.  Take as another example Plaintiff's allegations against Defendant Lisa Adray:

460.   Defendant Adray was a Physician's Assistant at the Macomb Correctional Facility.

461.   Both before and after June 30, 2017, Adray had direct involvement with Kensu.

462.   Both before and after June 30, 2017, Adray treated Kensu and was aware of Kensu's serious medical needs.

463.   While Kensu was at the Thumb Correctional Facility in 2012-2014, Kensu repeatedly filed grievances against Adray for her

8

refusal to provide care to Kensu.  Furthermore, Adray
repeatedly threatened and harassed Kensu.

464.  After 2014, Adray was transferred to Macomb as was Kensu.
      While at Macomb, Adray has incited other staff members to not
      treat Kensu's serious medical needs in retaliation for Kensu's
      grievances.

465.  Despite being fully aware of Kensu's medical complaints,
      Adray denied or unreasonably delayed the treatment of Kensu's
      serious medical needs.

(*See id*. at Pg ID 1088).  These allegations are devoid of facts to inform Defendant

Adray of Plaintiff's specific serious medical needs to which she was deliberately

indifferent or the actions she took inconsistent with those needs, how she

threatened or harassed Plaintiff, how she "incited" others, and when this

misconduct allegedly happened.  Defendants may have fair notice of the claims

against them but not the factual background on which those claims rest.  *See*

*Twombly, supra*.

The above excerpts from the Second Amended Complaints are

representative of the failure of the pleading, throughout, to identify when most of

the alleged misconduct occurred.[3]  While this might not be problematic in cases

filed by other plaintiffs, it is here where Plaintiff has filed several lawsuits against

---

[3] It is not enough for Plaintiff to assert generally that the claims arose from conduct
post-June 30, 2017.  Moreover, this general assertion is inconsistent with
Plaintiff's repetitive references to conduct preceding that date.  Notably, this is not
an instance where the plaintiff lacks access to his medical records to be able to
identify more specifically when alleged misconduct occurred.

numerous defendants related to many of the same medical conditions, medications, and treatment at issue here.  It is difficult to discern whether the conduct alleged has been litigated before or should have been litigated before.  Defendants have no ability to determine if the claims are barred by res judicata, collateral estoppel, and/or the applicable statute of limitations.

The deficiencies described above are not cured by Plaintiff's use of a two-and-half page table of contents or "descriptive headings to guide the reader."  (Pl.'s Resp. Br. at 8, ECF No. 69 at Pg ID 1222.)  Nor are they cured by the pleading's "logical[] organiz[ation]" or "easy-to-follow format."  (*Id.*)  Regardless of how clearly written and intelligible Plaintiff's Second Amended Complaint may be, it, like his prior pleadings, lacks the substance needed for Defendants to answer and assert any pertinent affirmative defenses.

Further, Plaintiff continues to repetitively use a generic reference to "defendants" throughout the pleading without specifying which defendants are at fault, where clearly all twenty-seven individually named defendants could not have been accountable for the alleged misconduct.  (*See, e.g.*, Second Am. Compl. ¶¶ 146-147, 153, 156-58, 166, 168, 169, 174-76, 193, ECF No. 63 at Pg ID 1037-39, 1040-41, 1044.)  Yet Defendants "'can be held liable only on their own unconstitutional behavior.'"  (Op. & Order at 7, ECF No. 61 at Pg ID 999 (quoting

*Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).)  Plaintiff's conspiracy allegations do not cure this defect.

Perhaps it is plausible that all of the named defendants were involved in a conspiracy to violate Plaintiff's constitutional rights.  But "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity[.]"  *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).  "[V]ague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."  *Id*.  Plaintiff's pleading lacks a sufficient factual basis to conclude that all twenty-seven individually named defendants shared a conspiratorial objective and entered into an agreement to violate Plaintiff's civil rights.

In its decision dismissing the Amended Complaint, the Court expressly informed Plaintiff that it was providing only "one last chance to file a pleading conforming to the requirements of Rule 8 …."  (Op. & Order at 8, ECF No. 61 at Pg ID 1000.)  Plaintiff's Second Amended Complaint fails to satisfy those requirements.

Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss (ECF Nos. 65, 66) are **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
Dated: December 29, 2020                    U.S. DISTRICT JUDGE

11